JENNIE DUNN, APPELLEE, v. SAMUEL M. ALEXANDER, APPELLANT.

FILED JUNE 7, 1920.   No. 20930.

Release as Bar. An instrument purporting to be "a full acknowledgment and acquittance of every claim of every kind from the beginning of time" cannot be urged in this court as an absolute bar to a cause of action, where the instrument was offered by defendant "for the purpose of showing an admission," and plaintiff was permitted to testify, without objection, that the matters in suit were not considered by the parties nor intended to be covered by the writing.

APPEAL from the district court for Morrill county: RALPH W. HOBART, JUDGE. *Affirmed.*

*Leslie G. Hurd* and *F. E. Williams,* for appellant.

*K. W. McDonald* and *Wright, Mothersead & York,* contra.

MORRISSEY, C. J.

Plaintiff recovered a judgment for $3,000, from which defendant appeals.

For a first cause of action plaintiff alleged a conversion by defendant of 41 head of cattle, the property of plaintiff. The second cause of action consisted of a claim for money derived from the sale of certain other live stock in which plaintiff claimed to be entitled to a one-third interest by virtue of a contract of employ-

ment, under which she acted as housekeeper for defendant from 1903 to 1915.. The third cause of action was based upon an alleged conversion of 58 head of cattle, in which plaintiff also claimed an undivided one-third interest. Defendant filed a general denial as to each of the three causes of action, coupled with a plea of settlement. The jury returned a verdict in favor of plaintiff for $1,000 on each cause of action.

The principal question presented on this appeal relates to the following instrument, offered in evidence by defendant:

"Receipt

"*Know all men by these presents*: That I, Jennie Dunn, in consideration of one dollar in hand paid and a further consideration to my satisfaction received, hereby acknowledge full payment and settlement of all claims and demands of every kind and nature against Samuel M. Alexander, and howsoever incurred or heretofore claimed or in any way asserted, this being a full acknowledgment and acquittance of every claim of every kind from the beginning of time to the present date.

"Witness my hand this 27th day of April, 1915.

"JENNIE her x mark DUNN.

"Signed in the presence of J. E. Trinnier, G. E. Evey."

When plaintiff and defendant first became acquainted, defendant was the owner of a farm in Kearney county. Here it was that plaintiff went as a domestic, and where the agreement relied upon in this suit was alleged to have been made. Later both parties moved to Morrill county, and each entered land under the homestead laws of the United States. After plaintiff had been granted a patent to her land, she conveyed it to defendant. Sometime later a dispute arose between the parties. Plaintiff brought action to have the deed given by her to defendant canceled, and it was while this suit was pending that the "receipt" in question was executed.

Plaintiff alleges that the "receipt" was intended to cover only the controversy over the land, and that the

matters involved in the present suit were in no way considered or discussed at the time. Defendant himself testifies: "It was a matter of settlement in regard to our land that I had bought from her and she sued for to get the land back again, and then she agreed to go to Mr. Hunt's office and settle it up without going into court, so we came down for that purpose."

Defendant insists in this court, however, that the instrument in question was a release of all existing causes of action between plaintiff and defendant, and constituted an absolute defense to the present suit. It is claimed that the trial court erred in not sustaining defendant's motion "for an order dismissing plaintiff's suit, for the reason that there is no evidence sufficient to sustain a verdict on either the first, second, or third cause of action."

We find no error in the action of the trial court. The instrument relied upon by defendant was not set out in the answer, and its sufficiency as an absolute bar was not raised by the pleadings. So far as the pleadings were concerned, defendant was free to introduce any evidence tending to establish a settlement, and was not limited to the legal sufficiency of the language of the "receipt" as a bar. When it came to the matter of proof, defendant made the following offer: "We now offer in evidence defendant's exhibit 1, for the purpose of showing an admission on the part of plaintiff." Under this offer, even if we were to regard the instrument as a contract or release, and not as a mere receipt, plaintiff was not excluded from introducing evidence to explain its meaning, since evidence to explain the meaning of a written instrument offered in evidence as an admission does not fall within the rule excluding parol evidence which tends to vary the apparent meaning of the language used in the instrument. 10 R. C. L. 1024. But, further than this, defendant allowed plaintiff to testify that the matters in suit were not included in the

settlement evidenced by the writing, without making any objection to the testimony.

Under this state of the record, it was proper for the trial court to submit to the jury the question whether the matters in suit were embraced within the settlement evidenced by the written instrument. Defendant cannot complain of the court's instructions in this regard. There is sufficient competent evidence to sustain each of plaintiff's three causes of action, in the amounts found by the jury. The judgment is

AFFIRMED.

ROSE, ALDRICH and FLANSBURG, JJ., not sitting.